JANUARY TERM, 1846.        511

The President, &c., of the Board of Engineers of Mobile v. Miller.

## THE PRESIDENT, &c., OF THE BOARD OF STEAM-BOAT ENGINEERS v. MILLER.

1. A steamboat having been engaged in business on the waters of this State until the month of May, and being then about to leave the State, proceeds from Mobile to Stockton, without passengers or freight, for the purpose of laying in wood, the owner is not subject to a penalty for employing an engineer without a certificate from the board of engineers at Mobile.

Appeal from the County Court of Mobile.

THIS suit was commenced in a justices court by the President, &c. of the Board of Steamboat Engineers of Mobile against Miller, to recover fifty dollars as a forfeiture for the violation of the act of assembly hereafter recited.    Judgment was given against Miller by the justice, and on his appeal the cause was submitted to the court for its decision, on the following facts, to wit: Miller was the owner of the steamboat Queen of the South, and while she was under his command, about the first of May, 1845, she ran from Mobile to Stockton and back, with an engineer in charge of the engine who had no certificate from the board of engineers required by the act creating said board.    On the part of the defendant, it was proved the boat had been running on one of the rivers of Alabama, during the preceding business season, in all which she had a certified engineer, except a brief trip during which the regular engineer was sick, and for which the captain was fined, but at the expiration of the season, his business was closed, and he, with the captain, other officers and crew were discharged.    Miller, as owner of the boat, then took her in charge, and employed a crew, for the purpose of conveying her out of the State.    Among the persons thus employed was an engineer without a certificate from the board of engineers.    The boat being at Mobile, with about enough wood on hand to run across the bay, went to Stockton, without passengers or freight, and after an absence of

about thirty-six hours, returned, with eighty cords of wood, and without freight or passengers. The agent of the boat was expected by Miller to have a large quantity of salt ready to be put on board the boat on her return from Stockton, which was to be carried out of the State; but this was prevented by the state of the weather, and the boat, immediately after her return to Mobile, left that place to go to some other up the Mississippi river.

The County Court gave judgment for the defendant, and from this the plaintiff appealed.

G. N. STEWART, for the appellant, cited Clays Dig. 137, § 10, and insisted, the boat, at the time of the supposed default, was not engaged in navigating.

AD. FOX, contra.

GOLDTHWAITE, J.—The object of establishing the Board of Engineers in Mobile was, to examine into the fitness of such persons as were, at the passage of the act, or should afterwards "be employed as engineers upon steamboats engaged in navigating the waters of this State, emptying into Mobile bay." A certain penalty is imposed on the captain or owner of "any steamboat navigating the said waters," with an engineer who has not received the certificate of the board. It is evident we think, that the terms *engaged in navigating* as used in the first section, and *navigating the said waters*, as used in the third, referred to boats engaged in the pursuit of business in the State, and the statute has no application to them, until so engaged or when they cease the business. It is a matter of general knowledge, that boats of this description come from other rivers to our own during the winter season, and after the business of transporting the cotton crop is at an end, return whence they came. In either case, if without freight or passengers, they cannot be said to be engaged in navigating the waters of the State emptying into Mobile bay.

In the present case, the trip to Stockton, for the purpose, as we must infer, of taking in a supply of fuel, was preparatory

to leaving the waters of the State, instead of being engaged in their navigation. We are satisfied the decision of the County Court is free from error.

Judgment affirmed.